---

## *In re* TIPPLE'S ESTATE.

(*Surrogate's Court, Otsego County.* February 17, 1891.)

DESCENT AND DISTRIBUTION—ALLOWANCE TO WIDOW—COMPUTATION.

Laws N. Y. 1889, c. 406, § 1, provides that where an intestate leaves a widow and descendants the widow shall have a life-interest in $1,000 worth of real estate in addition to her dower. Section 2 provides that there shall be set apart to her $150 worth of personalty, and that, if her interest in the real estate, "in addition to her dower right, and together with said $150," shall be of less value than $1,000, there shall be set apart to her personalty which, together with said real estate, shall amount to $1,000. *Held,* that the widow is entitled to so much personalty as, together with the $150 and the interest in the real estate given by the first section, will amount to $1,000; and in determining its amount her dower interest is not to be considered.

Petition by the widow of Peter J. Tipple to have personal property set apart to her from her late husband's estate, as provided by Laws N. Y. 1889, c. 406.

*Graham & Baldwin,* for executor. *John B. Holmes,* for Ann M. Tipple, widow.

TENNANT, S. The deceased died on the 6th day of February, 1890, leaving a widow and several children. At the time of his death, he was the owner of about one-half of an acre of land, upon which was a dwelling-house of the value of $300, and personal property exceeding in value $1,000. Ap-

praisers were appointed, and they returned an inventory of personal property, which was filed on the 17th day of May, 1890. The appraisers inventoried and set apart as exempt to the widow certain specific articles, as required by chapter 470 of the Laws of 1874, but they did not inventory and set apart to the widow any personal property, as required by chapter 406 of the Laws of 1889, excepting certain articles of personal property of the value of $8.85. The widow now asks the court to direct the appraisers to set apart to her the property which she is entitled to under the statute last above mentioned. The question thus presented for determination involves in a measure a construction of such statute. So far as my examination has extended, there are only two decisions by which an attempt has been made to give a construction to said statute. In the case of *In re Daggett's Estate,* 9 N. Y. Supp. 652, the learned surrogate of Cattaraugus county decided that the value of the additional amount of personal property to be set apart to the widow under said statute was the difference between $1,000 and the sum of the values of present life-interest in $1,000 worth of real property and her dower, together with the $150 in personal property. Later, in the case of *In re Steward's Estate,* 10 N. Y. Supp. 24, the surrogate of Chautauqua county held that such additional amount of exemption was the difference between the sum of $1,000 and the present value of the life-interest in the $1,000 worth of real estate given her by the first section of said statute, and that the words "in addition to her dower right, and together with said $150," used in section 2, should be construed to mean "exclusive of her dower right and said $150." In searching for the true meaning of this clumsily prepared statute I am still more embarrassed by these two decisions in conflict with each other. It is reasonably clear that by section 1 of this statute, where the deceased leaves a widow and a descendant or descendants, the widow is entitled, over and above her dower interest, to the use during her life, of an additional portion of the real estate of her deceased husband, not exceeding in value $1,000; and where the deceased leaves a widow and no descendant or descendants, the widow is entitled to the absolute ownership in fee of such additional portion of real estate. Before the enactment of this statute the widow had a dower interest in the lands of her deceased husband, to-wit, the use of one-third thereof during her life. This dower interest is not taken away from her, and is in no manner affected by this statute. Section 1 undertakes to give the widow, where there is a descendant or descendants of the deceased, a new and additional interest in the real estate of her deceased husband, so that she becomes entitled to two interests in such real estate: (1) Her dower, being the use during life of one-third thereof; and, (2) the use, during life, of $1,000 worth of such real estate. It was the duty, I think, of the appraisers to have set off to the widow "necessary household furniture, provisions, or other personal property," in their discretion, to the value of not exceeding $150. Such was their duty, before this statute was passed, under chapter 157 of the Laws of 1842, and it is no less their duty to have done so under section 2 of chapter 406 of the Laws of 1889. This is so because in this respect the language employed in the two statutes is substantially the same. The appraisers have only set apart to the widow property of the value of $8.85, or $141.15 less than they should have done. After the appraisers shall have discharged their duty in this regard by setting apart to the widow in necessary household furniture, provisions, or other personal property to the value of $150, the question then arises, what further or additional personal property should be set apart to the widow under section 2? I regret that I cannot concur in the conclusion reached in the *Daggett Case,* 9 N. Y. Supp. 652, in the respect that the present value of the dower interest of the widow should be added to her additional interest given by the first section, nor in the holding in the *Steward Case,* 10 N. Y. Supp. 24, that the $150 exemption should be excluded with the value of the dower interest in determining the

amount of personal property that should be set apart under section 2. The language used in section 2, as to which this controversy arises, is as follows: "And in case the interest of a widow in the real estate of a deceased husband, in addition to her dower right, and together with said one hundred and fifty dollars, shall be of less value than one thousand dollars, then said appraisers shall set apart, for the use of the widow, or for the use of such widow or child and children, in the manner hereinbefore prescribed, personal property, which, together with said real estate, shall amount to one thousand dollars in value." This statute, like all others, should be read and interpreted according to the natural and most obvious import of the language employed, without resorting to subtle and forced construction for the purpose of either limiting or extending its operation. *People* v. *Wemple*, 5 N. Y. Supp. 495; *Waller* v. *Harris*, 20 Wend. 561; *Ogden* v. *Saunders*, 12 Wheat. 332; *In re O'Neil*, 91 N. Y. 516, 520. So read and interpreted, manifestly it was the legislative intent that, if the new and additional interest given to the widow in the real estate of her deceased husband by section 1, and the $150 exemption, should be less than $1,000, then the appraisers should set apart to the widow, in personal property, the difference between the sum of those two items and $1,000. The words "the interest of a widow in the real estate of a deceased husband, in addition to her dower right," can mean nothing else than the "additional portion" referred to in the first section, which is the use, during life, of $1,000 worth of real estate, where the deceased left a descendant or descendants. The word "interest," as here used, had reference to the widow's interest in the real estate of her deceased husband, exclusive of her dower right or interest. This is so because the interest referred to is declared to be the interest the widow has "in addition to her dower right." Confessedly, she has no interest in the real estate of the husband, in addition to her dower right, except what is given to her by the first section. Assuming, then, that the interest of the widow in the real estate, mentioned in this statute, is simply the new or additional portion given by the first section, and exclusive of her dower right, is the $150 exemption to be added to it, in order to ascertain whether the same is less than $1,000? Following, as I contend, a description of this new interest given by section 1, are the significant words, "and together with said one hundred and fifty dollars, shall be of less value than one thousand," etc. These words, it seems to me, very clearly imply that the $150 shall be added to the value of the interest, and, if the sum shall be less than $1,000, additional personal property shall be set apart to the widow. The words "and together with" are words of addition. In the case before me the interest of the widow in the real estate of her deceased husband, in addition to her dower right, being the use during life of two-thirds of the real estate the husband owned when he died, is $32.63. Suppose, then, instead of using the words "the interest of the widow in the real estate of a deceased husband, in addition to her dower right," we substitute therefor what in this case means the same thing, then the statute would read, in its application to this case: "And in case the interest of the widow, in addition to her dower, to-wit, $32.63, together with said $150, is less than $1,000, the additional personal property shall be set apart." So put, obviously the $150 is to be added to the widow's interest in the real estate, exclusive of her dower right. The interest of the widow in the real estate, in addition to her dower right, being $32.63, that sum with the $150 make but $182.37, which is less than $1,000. Therefore I am of the opinion that the appraisers should set apart for the use of the widow personal property to the amount of $816.37. A decree may be entered in accordance with the views here expressed.