## DAGGETT *v.* DAGGETT.

*(Supreme Court, General Term, Fifth Department. April 16, 1891.)*

DESCENT AND DISTRIBUTION—INTEREST OF SURVIVING WIFE.

  Laws N. Y. 1889, c. 406, § 1, amends Rev. St. N. Y. pt. 2, c. 2, relating to the descent and distribution of estates, by adding thereto section 30, which provides that "if the intestate shall leave a widow and descendant or descendants, then such widow, in addition to any interest to which she may be entitled under the preceding sections of said chapter 2, shall be entitled to the use during her life of an additional portion of the estate, not exceeding in value $1,000; and, in case the intestate shall leave a widow and no descendant or descendants, then she shall be entitled to the absolute ownership in fee of such additional portion of the estate." Section 2 amends Laws N. Y. 1842, c. 157, § 2, so as to provide that "when a man having a family shall die leaving a widow or minor child or children, then shall be inventoried by the appraisers, and set apart for the use of such widow and child or children, or for the use of such child or children, in the manner now prescribed by the ninth section of title 3, chapter 6, of part 2 of the Revised Statutes, necessary household furniture, provisions, or other personal property, in the discretion of said appraisers, to the value of not exceeding $150, in addition to the articles of personal property now exempt from appraisal by said section. And in case the interest of a widow in the real estate of a deceased husband, in addition to her dower right, and together with said $150, shall be of less value than $1,000, then said appraisers shall set apart for the use of such widow," etc., "personal property which, together with the real estate, shall amount to $1,000 in value. Said appraisers are authorized to make an appraisal of the real estate to which the widow may be entitled for the purposes of this section." *Held*, that where the present value of the real estate set apart for the widow, and of her dower, and the $150 in personalty, aggregate less than $1,000, the widow is entitled to an additional amount to make up the $1,000. Affirming 9 N. Y. Supp. 652.

Appeal from surrogate's court, Cattaraugus county.

Proceedings for the appraisal of the interest of Mary Daggett in the estate of her deceased husband, Danforth Daggett. From the order of the surrogate the administrator, Nelson Daggett, appeals. For former report, see 9 N. Y. Supp. 652.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ

*C. D. Van Aernam,* for appellant. *E. A. Scott,* for respondent.

CORLETT, J. On the 1st day of April, 1890, the surrogate of the county of Cattaraugus made the following findings of fact and conclusion of law: "(1) That Danforth Daggett died intestate in the month of August, 1889, being a resident of the town of Yorkshire, in the county of Cattaraugus, aforesaid, and leaving him surviving his widow, Mary Daggett, of the age of seventy-two years, and descendants. (2) That on the 2d day of September, 1889, in proceedings had therefor, one Nelson Daggett was duly appointed administrator of the goods, etc., of said Danforth Daggett, and has ever since acted as such. (3) That at said time M. C. Langmade and Chester C. Pingrey were duly appointed by said surrogate appraisers of the personal property of said deceased, and also of his real estate sufficiently to carry out the provisions of chapter 406 of the Laws of 1889. That said appraisers inventoried said property, and the same was duly filed in the office of the surrogate on the 7th day of November, 1889. That it appears from said inventory that said appraisers set apart to said widow the household furniture left by decedent, and which did not cover nearly all of the enumerated articles allowed her by law, one hundred and fifty dollars in personal property, and real estate of the value of one thousand dollars, and nothing more. (4) That it appears that the personal property left by intestate, in addition to said household furniture and said one hundred and fifty dollars, amounts to the sum of $342.87, and the entire real estate of which decedent died seised is of the value of eleven hundred and fifty dollars. (5) That the present value of the interest in said real estate so set apart to said widow is the sum of $375.20. That the present value of her dower interest in said lands is the sum of $105.49. Add the $150. Total value of widow's interest in real and personal estate, as set apart by appraisers, (except household furniture,) $630.69. As a conclusion of law I find and decide that a new appraisal is necessary; that said widow is entitled to have set apart for her the remaining personal property, or sufficient thereof to make up the sum of one thousand dollars, which would require, in addition to what is already set apart to her, the property aggregating in value $369.31; and an order will be entered accordingly." The findings of fact were not controverted.

Chapter 406 of the Session Laws of 1889 was as follows: "An act to amend chapter two of part two of the Revised Statutes, as amended by chapter three hundred and twenty of the Laws of one thousand eight hundred and thirty, by making an additional section to said chapter, and to amend section two of chapter one hundred and fifty-seven of the Laws of one thousand eight hundred and forty-two, entitled 'An act to extend the exemption of household furniture and working tools from distress for rent and sale under execution,' relating to the descent of real estate and distribution of personal property. Approved by the governor June 7, 1889. Passed, three-fifths being present. The people of the state of New York, represented in senate and assembly, do enact as follows: Section 1. Chapter two of part two of the Revised Statutes, as amended by chapter three hundred and twenty of the Laws of one thousand eight hundred and thirty, is hereby amended by making an additional section to said chapter, to be known as section thirty, and said section shall read as follows: 'Sec. 30. If the intestate shall leave a widow and a descendant or descendants, then such widow, in addition to any interest to which she may be entitled under the preceding sections of said chapter two, shall be entitled to the use, during her life, of an additional portion of the estate, not exceed-

ing in value one thousand dollars; and in case the intestate shall leave a widow and no descendant or descendants, then the widow shall be entitled to the absolute ownership in fee of such additional portion of the estate.' Sec. 2. Section two of chapter one hundred and fifty-seven of the Laws of one thousand eight hundred and forty-two, entitled 'An act to extend the exemption of household furniture and working tools from distress for rent and sale under execution,' as amended, is hereby amended so as to read as follows: 'Sec. 2. When a man, having a family, shall die, leaving a widow or minor child or children, then [there] shall be inventoried by the appraisers, and set apart for the use of such widow and child or children, or for the use of such child or children, in the manner now prescribed by the ninth section of title third, chapter sixth, of part second of the Revised Statutes, necessary household furniture, provisions, or other personal property, in the discretion of said appraisers, to the value of not exceeding one hundred and fifty dollars, in addition to the articles of personal property now exempt from appraisal by said section. And in case the interest of a widow in the real estate of a deceased husband, in addition to her dower right, and together with said one hundred and fifty dollars, shall be of less value than one thousand dollars, then said appraisers shall set apart for the use of such widow, or for the use of such widow or child or children, in the manner hereinbefore prescribed, personal property which, together with said real estate, shall amount to one thousand dollars in value. Said appraisers are authorized to make an appraisal of the real estate to which the widow may be entitled, for the purposes of this section. The provisions of this section shall apply where a man dies intestate, as well as where he leaves a last will and testament.' Sec. 3. This act shall take effect immediately." This act was repealed by chapter 173 of the Laws of 1890. The act repealed in some of its provisions was somewhat obscure. One construction was put upon it in *Re Steward,* 10 N. Y. Supp. 24. A somewhat different one in the case at bar, 9 N. Y. Supp. 652, in which the surrogate's opinion appears, as well as in the case. No errors appear which would authorize a reversal. The decree must be affirmed. All concur.