In the Matter of the Judicial Settlement of the Accounts of RACHEL STEWARD and WILLIAM I. PHILLIPS, Administrators, etc., of WARNER STEWARD, Deceased.

RACHEL STEWARD, DANIEL STEWARD and Others, Appellants; ELLA STEWARD and Others, Respondents.

*Widow's share in her husband's estate under chapter 406, Laws of 1889 — Statute of Limitations as to money delivered to her husband — pay to a son for taking care of his father's property — insurance premiums on real estate — liability for an assessment completed before the death of the intestate.*

Where an intestate leaves a widow and a descendant or descendants, the widow, in a case which comes within chapter 406 of the Laws of 1889, is entitled to her dower right and to the "additional portion" of her husband's estate given by section 1 of said act, and where the value of the "additional portion" added to the sum of $150, which, under section 2 of said act must be set aside by the appraisers for the widow and minor children, is less than $1,000, the residue of that sum must be made up by the appraisers out of the personal property.

Where a wife is a claimant against her husband's estate for a certain sum of money, and the testimony tends to show that she handed the money to her husband and told him to take care of it, and he, in reply, said that he would take it and pay it out towards his lands, and there was proof that he once tendered payment, and further, that it was contemplated that he should pay interest on the money, the relation existing between the parties is that of debtor and creditor and the ordinary rule as to the Statute of Limitations applies.

Administrators may properly pay the son of a decedent for taking care of his father's property after the latter's death.

While the right of administrators to pay insurance upon the real property of their intestate may be questionable, yet, where but a single payment has been made for a premium upon a policy covering both real and personal property, and it does not appear what proportion of the premium was paid upon each species of property, the appellate court will not disturb a decision of the surrogate allowing the payment.

Administrators may properly pay taxes levied upon the real and personal property of their testator under an assessment made and completed prior to the death of the intestate.

APPEAL by Rachel Steward from so much of a decree of the Surrogate's Court of the county of Chautauqua, bearing date the 22d day of December, 1894, and entered in the office of said surrogate, as disallowed a claim filed by her against the estate of Warner Steward, deceased.

Also an appeal by Daniel Steward and others from said decree of the surrogate of the county of Chautauqua, bearing date the 22d day of December, 1894, and entered in the office of said surrogate of Chautauqua county upon the final settlement of said estate.

*Norman M. Allen*, for appellants Daniel Steward and Cadwell.

*Richard A. Hall*, for appellant Rachel Steward.

*W. S. Thrasher*, for respondents Ella, Delia and Manly Steward.

BRADLEY, J. :

Warner Steward died intestate in September, 1889, leaving surviving him a widow, Rachel Steward, and five children, some of whom were minors. This proceeding for final judicial settlement of the accounts of the administrators was instituted by said administrators in June, 1891.

The appraisers having set apart for the use of the widow and minor children personal property to the amount of $150, ascertained

that the real estate of which the decedent died seized was of the value of $5,825, in which the value of the widow's interest (as given by statute), exclusive of her dower right, was $570.35. And because this, with $150 added, was less in amount than $1,000, the appraisers set apart for the use of the widow and minor children $429.65 of the personal estate.

It is urged that this was not permissible, and that, as the value of such interest of the widow with that of her dower right added, would produce a sum in excess of $1,000, it was not in the power of the appraisers in that connection to set apart any personal property for the use of the widow and minor children. The disposition of this question is dependent upon the construction of the statute as it existed at the time of the death of the intestate. By the section added to chapter 2 of title 5 of part 2 of the Revised Statutes, entitled " of title to real property by descent," it was provided that " if the intestate shall leave a widow and a descendant or descendants, then such widow, in addition to any interest to which she may be entitled under the preceding sections of said chapter 2, shall be entitled to the use during her life of an additional portion of the estate, not exceeding in value one thousand dollars." (Laws of 1889, chap. 406, § 1.)

The next section of said act of 1889, which amended section 2 of chapter 157 of the Laws of 1842, contained the provision that " in case the interest of a widow in the real estate of a deceased husband, in addition to her dower right, and, together with said one hundred and fifty dollars, shall be of less value than one thousand dollars, then said appraisers shall set apart for the use of such widow or for the use of such widow or child and children, in the manner hereinbefore prescribed, personal property, which, together with said real estate, shall amount to one thousand dollars in value." (Id. § 2.) By the 1st section of said act of 1889 the widow was given an interest in the real estate left by her husband, in addition to her dower right therein, and such is her interest had in view by the provision in the 2d section referring to the interest of a widow in the real estate " in addition to her dower right." This is descriptive of the interest, the value of which when, with $150 included, is less than $1,000, the residue of the latter amount is to be made up of personal property set apart for the use of the widow

and minor children. It seems to me that such is the fair and necessary meaning of the provision. I am, therefore, unable to adopt the construction given to it in *Matter of Daggett* (29 N. Y. St. Repr. 864 ; 9 N. Y. Supp. 652; 2 Connoly, 230); *Daggett* v. *Daggett* (37 N. Y. St. Repr. 810 ; 14 N. Y. Supp. 182). The interest of the widow, in addition to her dower right, does not include the latter or bring it into consideration in making the value upon which the duty of the appraisers to set apart personal property is dependent, or in ascertaining the amount to be set apart for the use of the widow and minor children. The words " in addition to her dower right" are words of description and limitation of the widow's interest, which, with $150 added in its relation in amount to $1,000, determines the extent in value of the personal property to be set apart pursuant to such direction of the statute. This was properly done by the appraisers in the present case. The provisions referred to of the act of 1889 did not long exist. They were repealed by Laws of 1890, chapter 173.

The claim made by Rachel Steward against the estate is for $600, which her husband received from her upwards of twenty years before his death. She presents her claim in form as a deposit of that amount of money with the intestate. The objection was made that the claim was barred by the Statute of Limitations. If the husband was the depositary of the money as such, the statute is no bar to the claim. (*Boughton* v. *Flint*, 74 N. Y. 476.) The evidence of the person who paid the money to the claimant is that he handed it to her and that " she handed it to her husband and told him to take care of it," that he (the husband) took the money and told her he " would pay it out toward his lands." He never repaid the money to her. It appears that on several occasions, and up to near the time of his death, he stated that he had had the money and intended to pay her. And there is evidence that on an occasion in 1881 he received from a person a sum of money in excess of $600 in the presence of his wife and passed it across the table to her and requested her to take it in payment of the money he had had from her, and that she told him to keep the money until she called for it. On his further examination the witness testified that the intestate laid the money on the table and said to his wife,

"Take that toward the money that I owe you." The witness could not say that she had her hands on the money. The person who paid the money testified that the decedent said to his wife : "'You take this money on what I am owing you,' and she said, 'I don't want it,' and he took the money." There does not seem to have been any special arrangement at the time he received the $600 from his wife or afterwards to keep or invest it for her, and there is evidence to the effect that it was contemplated that he would use the money for his own purposes and pay her interest upon it. While there may be some evidence to permit the inference that the husband received the money as depositary of it for his wife, the conclusion of the surrogate, that the elements essential to a deposit were wanting in the transaction, was fairly warranted by the evidence, and that, therefore, the allowance of the claim was barred by the statute. (*Sheldon* v. *Sheldon*, 133 N. Y. 1; *Mills* v. *Mills*, 115 id. 80.)

The present case furnishes an instance where the Statute of Limitations is made available to bar a claim after the death of a debtor who, up to the time of his death, recognized his liability and repeatedly promised to pay it, and who, on the day preceding his death, when he was without hope of living much longer, expressed his desire that it, with interest, be paid from his property.

Several objections are made to the accounts as rendered by the administrators in this proceeding; and some exceptions are taken to the rulings or conclusions of the surrogate in that respect.

It seems that the oats, corn, hay and straw on the premises at the time of the death of the intestate were of the value of $211.50. This was fed out on the farm, and the surrogate charged the administrators with one-half of that amount. The evidence on the subject was somewhat vague as to what portion of it was used for the stock belonging to the estate, but we are inclined to think the disposition made of the question was permitted by the evidence. There was a payment made to one of the sons of the decedent for taking care of the property after the death of his father, for a portion of which sum so paid to him the administrators were allowed credit. In this there was apparently no error. They also paid a small sum for insurance upon the buildings and personal property on the premises. How much for each does not appear. While their right

to· pay it as to the realty may be questionable, we think there is no occasion upon the evidence to disagree with the views of the court below on the subject. (*Herkimer* v. *Rice*, 27 N. Y. 163 ; *Clinton* v.· *Hope Ins. Co.*, 45 id. 454.)

The administrators paid some taxes upon the real and personal property upon an assessment made and completed by the assessors prior to the death of the intestate. The decedent's liability to pay the tax levied upon the assessment was fixed. (*Mygatt* v. *Washburn*, 15 N. Y. 316 ; *Clark* v. *Norton*, 49 id. 243 ; *Boyd* v. *Gray*, 34 How. Pr. 323.) There was no error in allowing them credit for the amount so paid.

Without specifically referring to other questions raised by· the appellants, we think they are not such as to fairly require the direction for a further accounting by the administrators.

· The decree of the Surrogate's Court should, therefore, be affirmed, with costs of this appeal to the respondents, payable out of the estate.

LEWIS and WARD, JJ., concurred.

Decree of the Surrogate's Court of Chautauqua county affirmed, with costs to the respondents, payable out of the estate.