Sigmund Ashner, Plaintiff, *v.* Max Abenheim and Another, Defendants.

*Contract — long price (inclusive of duty) or short price (exclusive of duty) — recovery of an amount paid under a misrepresentation contained in a contract — a misrepresentation of law usually affords no ground for redress.*

A person purchased from another twenty-six bales of Sumatra tobacco, through a broker, and received from the latter a bought note, which read as follows :

" Mr. S. Ashner, 15½ Bowery, bought of M. Abenheim & Co., 2 and 4 Stone street, twenty-six bales Sumatra tobacco, Deli Poewa, B1, as per annexed return, Nos. 1,148.52, 1,154.74; net 45,460, at $1.40 — $6,364.40. Terms : The goods are to be delivered, duty cash, not less than five bales at a time. Any amount of goods over five bales, delivered between date of bill and sixty days thereof is to be discounted at the rate of 6 per cent per annum on a four months' basis. For amount of goods remaining in bond at the expiration of sixty days a four months' note is to be given for the bonded amount, but whenever more than five bales have been delivered, such excess is to be discounted at 6 per cent per annum for unexpired time of note.

" The duty on such amount of goods remaining in bond must be paid whenever a change in the tariff necessitates it.

" The duty is 45 cents (forty-five cents) per pound."

The duty paid on the tobacco by the vendor was in fact but thirty-five cents a pound, and an action was brought by the vendee, he having paid the full amount of $6,364.40, to recover the difference of ten cents a pound obtained by the alleged misrepresentations of the vendor.

*Held,* that the construction of the contract should be determined by the court;

That the contract was one by which the plaintiff agreed to purchase the tobacco at a certain sum per pound, and in addition thereto to pay whatever might be the duty, and as, for the purpose of fixing in the contract what the understanding of the parties was as to the duty, it was, as the effect of a representation made by the defendants, placed at forty-five cents per pound, and as thereafter the defendants paid only thirty-five cents, they would not be justified in retaining the forty-five cents which they received from the plaintiff, and were liable for the difference between the amount of duty represented and that actually paid.

As a general rule, a misrepresentation of law affords no ground for redress or relief.

PARKER, J., dissenting.

MOTION by the plaintiff, Sigmund Ashner, for a new trial on a case containing exceptions, ordered to be heard at the General Term in the first instance, upon the dismissal of the complaint directed by the court after a trial before the court and a jury at the New York Circuit on the 19th day of December, 1892.

*John Fennel,* for the plaintiff.

*B. F. Einstein,* for the defendants.

O'BRIEN, J.:

The plaintiff purchased from defendants twenty-six bales of Sumatra tobacco, through a broker, and received from the latter a bought note, which reads as follows:

" Mr. S. Ashner, 15½ Bowery, bought of M. Abenheim & Co., 2 and 4 Stone street, twenty-six bales Sumatra tobacco, Deli Poewa, Bl, as per annexed return, Nos. 1,148.52, 1,154.74; net 45,460, at $1.40 — $6,364.40.   Terms : The goods are to be delivered, duty cash, not less than five bales at a time.   Any amount of goods over five bales, delivered between date of bill and sixty days thereof, is to be discounted at the rate of 6 per cent per annum on a four months' basis.   For amount of goods remaining in bond at the expiration of sixty days, a four months' note is to be given for the bonded amount; but whenever more than five bales have been delivered, such excess is to be discounted at 6 per cent per annum for unexpired time of note.

" The duty on such amount of goods remaining in bond must be paid whenever a change in the tariff necessitates it. ·

" The duty is 45 cents (forty-five cents) per pound."

The plaintiff paid the full amount of $6,364.40, and received the twenty-six bales of tobacco; but having subsequently ascertained that the duty on said tobacco was only thirty-five cents, instead of the forty-five cents stated in the note and paid to defendants, this action was brought to recover the difference of ten cents per pound so obtained by defendants, as alleged, through misrepresentation.

It clearly appears that the broker represented to plaintiff that the duty on the tobacco was forty-five cents, and that plaintiff relied upon such statement in paying that sum to defendants. If, however, such representation is to be regarded as one relating to the value of the tobacco, or as a representation of what the law was relating to duties, some doubt might exist as to plaintiff's right to recover; upon the former ground, because it would have been necessary for the plaintiff to show that the actual value of the tobacco which he purchased was less than it would have been if the government had imposed a duty of forty-five cents upon it instead of a duty of thirty-five cents, which the evidence fails to disclose; and upon the second ground of misrepresentation of law, because, " generally speaking, a misrepresentation of law affords no ground of redress or relief; the misrepresentation should be of a fact." (1 Bigelow on Fraud, 487.)　But the plaintiff was not confined to either of these theories to justify a recovery, and we think that the error into which the learned court fell in dismissing the complaint was in overlooking the basis upon which the action was predicated and which necessarily involved a construction of the contract between the parties.　The construction of such contract was for the court, and it is here to be determined whether, upon the construction which should be given to such contract, the dismissal of the complaint was justified.

If it was one wherein, as contended by defendants, the plaintiff agreed to purchase so many pounds of tobacco at one dollar and forty cents a pound, then it would make no difference whether the duty was thirty-five or forty-five cents per pound.　Or, as expressed in the trade language, if the price at which the plaintiff bought the tobacco was the " long price " (that is, inclusive of the duty), and

not at the "short price" (which is exclusive of the duty), then the plaintiff could not recover back the difference in duty paid.

If this construction of the contract were to prevail, then the effort to recover the difference of ten cents could not be successful, because any representation made for the purpose of inducing the plaintiff to enter into such an agreement would be one relating to the value of the tobacco, or a misrepresentation as to the law — upon neither of which grounds could the plaintiff recover for the reasons already given. And it was by confining its attention to this as the only construction to be given to the contract, that the court was led into the error of dismissing the complaint. If, on the other hand, the contract was one by which the plaintiff agreed to purchase the tobacco at a certain sum per pound, and, in addition thereto, to pay whatever might be the duty, and, for the purpose of fixing in the contract what the understanding of the parties was as to the duty, it was, as the effect of a representation made by defendants, placed at forty-five cents per pound, and thereafter the defendants paid only thirty-five cents, they would not be justified in retaining the forty-five cents which they received from the plaintiff.

We think the evidence justified the construction that the contract was one by the terms of which the plaintiff was to buy at the short price, which excluded the duty, and, in addition to such price, was to pay whatever the duty might thereafter be found to be, whether it was more or less than the amount represented of forty-five cents, and which was included in the contract. Such construction finds support in the circumstances attending the making and delivery to plaintiff of the bought note, which, as shown, when brought to plaintiff contained a statement that he bought so many pounds of tobacco at a fixed or long price, including the duty, but before he would accept the bought note or complete the contract, he insisted on the information as to what the duty was, and, as appears from such note, had it placed at the end thereof. It is true that the broker in one place testified that the price per pound for the tobacco fixed by the contract was one dollar and forty cents, duty cash; but he further stated that he could not remember whether, at the time such price was fixed, anything was said about the duty, or, to quote his exact language: "I am at a loss to say whether these bought and sold notes and the price of $1.40 a pound were settled

FIRST DEPARTMENT, DECEMBER TERM, 1894. [Vol. 83.

upon before I found out what the duty was." This uncertainty, however, is entirely removed by his subsequent testimony that he and plaintiff conversed about the price of the tobacco in Amsterdam and the cost of importing the same, and that the plaintiff "would not accept the contract unless I would put it down in writing how much the duty was." When cross-examined by defendants' counsel as to whether the plaintiff had not agreed to pay one dollar and forty cents, no matter what the duty was, he said, "I can't say to that," and upon further cross-examination he again positively stated that what the plaintiff said was that he would not accept it until he knew the amount of the duty. This testimony of the broker is fortified by that of the plaintiff himself, and is borne out by the letter written by the defendants to plaintiff, from which it is evident that they intended that, if the duty should be increased upon such tobacco before it was delivered, the plaintiff was to pay such additional duty. Besides this we have the statement of account wherein the amount to be paid by note and the amount of duty to be paid in cash are separately stated.

Such evidence, furnishing as it does the strongest kind of testimony as to the construction which the parties themselves placed upon the contract, must, in the absence of evidence to the contrary, be regarded as controlling upon the construction which the court should place thereon, and as supporting the plaintiff's contention that he purchased the tobacco at ninety-five cents a pound, and in addition thereto agreed to pay the duty, which was stated at forty-five cents a pound, and that he did not agree, irrespective of what the duty was, to pay one dollar and forty cents a pound for the tobacco We think, therefore, that it was error to dismiss the complaint, because, in the light of such evidence, and as the case then stood, the court should have construed the contract, as we have endeavored to point out, favorably to the plaintiff's contention. Having then been induced by the misrepresentation that the duty was forty-five cents a pound, to purchase, upon subsequently ascertaining that all the defendants paid from time to time out of the cash sent them to pay such duty, was thirty-five cents a pound, he was entitled to recover the ten cents, which we think, as shown by such evidence, was unjustly and illegally withheld by the defendants. It would, of course, be competent for the defendants to intro-

duce their evidence, and that might to some extent change the construction which upon the plaintiff's evidence alone must be given to the contract, and if it presented a question of conflict might require submission to the jury; but in the absence of defendants' evidence we think that the dismissal of the complaint upon the plaintiff's case was error for which the judgment should be reversed.

Exceptions accordingly sustained and motion for new trial granted, with costs to abide the event.

Follett, J., concurred; Parker, J., dissented.

Exceptions sustained, new trial granted, with costs to plaintiff to abide event.