ASHNER v. ABENHEIM et al.

(Supreme Court, Appellate Division, First Department. June 10, 1898.)

SALE—OVERPAYMENT—RECOVERY.

Upon a sale of tobacco by the defendants to the plaintiff, the bought note contained a statement that he bought the same at a "long price," including the duty; but before he would complete the contract he insisted on knowing the duty, and had it placed at the end of the note. As thus stated, it was 45 cents per pound, and he paid for the tobacco on that basis, but on learning that the duty paid was only 35 cents, he brought this action to recover the balance, claiming that he bought at the "short price" of 95 cents, plus the actual duty. *Held*, that the evidence supported a conclusion in his favor.

Appeal from trial term.

Action by Sigmund Ashner against Max Abenheim and another. From a judgment for plaintiff (43 N. Y. Supp. 69), defendants appeal. Affirmed.

Argued before BARRETT, RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

B. F. Einstein, for appellants.
John A. Straley, for respondent.

McLAUGHLIN, J.    The legal construction to be given to the contract involving the subject-matter of this controversy was determined on the appeal from the judgment rendered at the conclusion of the former trial (83 Hun, 34, 31 N. Y. Supp. 514), and such construction is now the law of the case.    On that trial, at the close of plaintiff's case, the complaint was dismissed, but on appeal to the late general term the judgment was reversed, and a new trial ordered, upon the ground that the question presented by the evidence was one of fact for the jury.    Mr. Justice O'Brien, delivering the opinion of the court, said:

"We think the evidence justified the construction that the contract was one by the terms of which the plaintiff was to buy at the short price, which excluded the duty, and, in addition to such price, was to pay whatever the duty might thereafter be found to be, whether it was more or less than the amount represented of forty-five cents, and which was included in the contract.    Such construction finds support in the circumstances attending the making and delivery to plaintiff of the bought note, which, as shown, when brought to plaintiff contained a statement that he bought so many pounds of tobacco at a fixed or long price, including the duty; but before he would accept the bought note, or complete the contract, he insisted on the information as to what the duty was, and, as appears from such note, had it placed at the end thereof."

Upon the trial which resulted in the judgment appealed from, evidence was presented upon both sides, but the facts established did not differ materially from those established upon the first trial.    The plaintiff testified that he bought the tobacco at the "short price," which was 95 cents per pound, and, in addition, agreed to pay whatever the duty might be.    He also testified that he refused to accept the contract as originally prepared and presented to him until the duty was specified therein; and the defendants, or some one acting for them, then said he would take the contract back to his office, and write out a new one, and a short time thereafter returned to the plaintiff the same contract, having added thereto the words, "The duty is forty-five cents per pound."    The plaintiff was corroborated upon this point by other circumstances attending the making and delivery of the contract, and we think the evidence abundantly supports the conclusion reached by the trial court in this respect.

We are also of the opinion that the evidence presented on the last trial, as set forth in the record before us, requires the affirmance of this judgment upon another ground.    The rate of duty upon the tobacco was considered and treated by the plaintiff as a material fact in the purchase, and to such an extent that he refused to make the purchase until the rate of duty had been ascertained, and made one of the terms of the contract itself, and his reason for insisting upon this provision is apparent.    The duty determined to a large extent the quality and value of the article purchased.    The duty imposed upon importations of tobacco at that time was either 35 or 75 cents per pound, determined by the custom-house officials acting under instructions from the treasury department.    It was determined by taking "ten hands" from an average number of bales, and

if, upon examination, it appeared from the samples selected in this way that the bales contained less than 100 leaves to the pound, the lot was appraised at 35 cents per pound; but if, on the other hand, it contained 100 or more leaves to the pound, the rate was fixed at 75 cents per pound. The tobacco subjected to a duty of 75 cents per pound was of a higher grade, and of more value, than that on which 35 cents per pound was imposed. It also appeared that frequently a single bale would contain both grades, in which case a duty of 75 cents was imposed on the highest and 35 cents on the lower grade. In this way the duty was collected at the statutory rate. It also appeared that dealers in tobacco purchased with reference to this mode of appraisement, and based their estimate of value, to an extent, at least, on the rate of duty imposed. When, therefore, the defendants stated the duty was 45 cents instead of 35 cents, it was, in effect, a statement to the plaintiff of the quality of the tobacco, and that he acted upon that statement in making the purchase sufficiently appears from the fact that he insisted on the rate of duty being inserted in the contract before he would execute it.

Upon a careful consideration of all of the evidence, we are satisfied that the judgment is right, and should be affirmed, with costs. All concur.