JONES v. LEOPOLD et al.

(Supreme Court, Appellate Division, First Department.   June 10, 1904.)

1. ACTIONS—NATURE AND FORM—CONTRACT AND TORT.

Where a complaint, to recover moneys deposited with plaintiff, alleged false and fraudulent representations claimed to have been made by defendants to induce the deposit, but the allegations tended to establish a cause of action based solely on a money demand, and the prayer was for a money judgment, with interest on specified sums from particular dates,

the action would be regarded as one based on contract, and not in tort for the conversion of the moneys.

2. SAME—SEPARATE SUITS—STAY.

Where, after the commencement of an action in the Supreme Court, defendants began an action in the Municipal Court of the city of New York against plaintiff on a money demand, and though both claims arose out of the same subject-matter, and defendants' demand might have been pleaded as a counterclaim, a determination of the first action would not necessarily settle all of the issues arising out of the transactions on which both were brought, plaintiff was not entitled to have defendants' action stayed, pending the determination of plaintiff's action in the Supreme Court.

O'Brien and Laughlin, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Richard A. Jones against James M. Leopold and others. From an order granting plaintiff's motion to stay proceedings in an action pending in the Municipal Court by defendants against plaintiff, defendants appeal. Reversed.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

Mark M. Beard, for appellants.
Mark M. Schlesinger, for respondent.

HATCH, J.  This action is brought to recover the sum of $2,700, moneys which the plaintiff avers he had deposited with the defendants, who compose the firm of James M. Leopold & Co., and which sum he claims is now due and owing to him. The action was commenced on the 15th day of January, 1904. The defendants procured an extension of time to answer, and no answer has yet been served. While the complaint avers certain false and fraudulent representations claimed to have been made by the defendants to induce the plaintiff to enter into the transactions out of which arises the debt claimed to be due, yet the complaint, as a whole, shows that it was not the intention of the plaintiff to bring his action in tort for a conversion of the moneys, but to recover solely upon a money demand. The prayer of the complaint is for a money judgment, with interest upon specified sums from particular dates. The averments of fraudulent representations therefore do not characterize the action, and may be disregarded. McDonough v. Dillingham, 43 Hun, 493; Foote v. Ffoulke, 55 App. Div. 617, 67 N. Y. Supp. 368; Siebrecht v. Siegel-Cooper Co., 38 App. Div. 549, 56 N. Y. Supp. 425.

After the commencement of this action the defendants herein began an action in the Municipal Court of the city of New York to recover the sum of $96.96 upon a money demand. It appears from an examination of the two complaints that the two causes of action arose out of the same subject-matter, and that, if the defendants in the first action chose to plead their demand as a counterclaim and establish the same, it would defeat plaintiff's action, either wholly or pro tanto. After the commencement of the action in the Municipal Court, the plaintiff procured an order at Special Term directing that

¶ 2. See Action, vol. 1, Cent. Dig. § 744.

all proceedings in the Municipal Court action be stayed until the final determination of the action in the Supreme Court. It is the settled rule that "where the decision in one action will determine the right set up in another action, and the judgment on one trial will dispose of the controversies in all the actions, a case for a stay is presented." Dolbeer v. Stout, 139 N. Y. 486, 34 N. E. 1102; Allentown F. & M. Works v. Loretz, 16 App. Div. 72, 44 N. Y. Supp. 689; Cushman v. Leland, 93 N. Y. 652. This rule, however, is without application to the facts of the present case. A determination in the first action would not necessarily settle all of the issues arising out of the transactions upon which the actions are brought. The defendants in the first action may plead a denial of the averments of the complaint or any new matter in avoidance, and may defeat the plaintiff's action by showing that either he never had a cause of action, or, if he had one, that his right to enforce the same did not at the time of the trial exist. Such conclusion would not necessarily determine the defendants' right in that action to recover upon the money demand in the action which they have instituted. Nor could they recover any affirmative judgment in such action upon their claim, unless they pleaded it as a counterclaim, and demanded an affirmative judgment. This, however, they are not bound to do, as they have and had at the commencement of their action the legal right to resort to a cross-action for the purpose of establishing such demand. The right is substantial, as a party under such circumstances is authorized to institute an action which he may control. Of this right he cannot be deprived because it was possible to litigate all the matters in one action. Brown v. Gallaudet, 80 N. Y. 413; Consolidated Fruit Jar Co. v. Wisner, 38 App. Div. 369, 56 N. Y. Supp. 723.

The defendants having the legal right to institute an independent action to enforce their claim, there was no power in the court to stay the trial of such action. The injunction, therefore, which stayed all proceedings in the last action, was without authority in law, and beyond the power of the court to grant.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion for a stay denied, with $10 costs, and the stay vacated.

INGRAHAM and McLAUGHLIN, JJ., concur. O'BRIEN and LAUGHLIN, JJ., dissent.