ANGIE F. MILLS, as Administratrix, etc., Respondent, *v.* HIRAM P. MILLS, Appellant.

When money is received by one to and for the use of another, under such circumstances that it is the duty of the former to pay it over, an action for money had and received may be brought to recover it without a demand, and the statute of limitations begins to run from the day of the receipt of the money.

T., plaintiff's intestate, deeded certain lands to defendant and assigned to him a mortgage as security for an indebtedness, with the understanding that the latter might sell the lands, collect the mortgage and reimburse himself, he agreeing to reconvey on payment of the debt and expenses and all subsequent loans. During the life of T., who died in 1871, defendant sold all the lands and received the proceeds except one item which was received in 1872. In an action brought in 1881 for an accounting and payment over of any surplus, *held*, that the proceeds of the lands which came to defendant's hands after he had been fully reimbursed, were received by him to and for the use of T.; it was his duty at once to pay them over, and upon his failure to do so, he was liable without demand; that, therefore, the six years statute of limitations applied (Code of Civil Pro. § 382), and the action was barred; that this result was not affected by the fact that an accounting was required as whatever might be the form of the action the legal rule of limitations applied; also, as there was no unlawful interference by him with the estate of the intestate after his death, that defendant could not be held as executor *de son tort.*

A mortagee who has received moneys, the proceeds of sale of the mortgaged property, is not trustee of an express trust; if in any sense a trustee, it is simply of an implied trust, and, as to the liability growing out of such a trust, the ordinary rules of limitation apply.

Reversed, 48 Hun, 97.

(Argued May 1, 1889; decided June 4, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made April 14, 1888, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought for an accounting by the defendant for moneys received by him on the sale of lands in Ohio and Illinois, and upon a certain mortgage upon lands in Ohio, alleged in the complaint to have been held by the defendant as security for money loaned by the defendant to his brother, plaintiff's intestate. The answer denies the allegations of indebtedness, and sets up the six years and ten years statutes of limitations.

Theodore G. Mills died February 10, 1871, an inhabitant of the county of Livingston in this state. The plaintiff, his widow, was appointed his administratrix April 16, 1880, and the action was commenced July 4, 1881. The action was referred and tried before a referee, and he found, among other things, that on the 10th day of January, 1864, the defendant entered into a contract in writing with Theodore G. Mills, of which the following is a copy:

"A contract made this 10th day of January, 1864, between H. P. Mills of Mount Morris, N. Y., of the first part, and Theodore G. Mills of Cleveland, Ohio, of the second part, which is as follows: Whereas, the said party of the second part is indebted to the said party of the first part in the sum of three thousand four hundred thirty-four dollars and sixty-three cents ($3,434.63), for which said sum the said Theodore G. Mills has this day executed and delivered his promissory note to the said party of the first part.

" The said party of the first part hereby agrees that on the
SICKELS—VOL. LXX.   11

payment of said note and interest and any sums the said party of the first part may hereafter loan or advance to said party of the second part, with all cost, expenses, taxes, insurance, etc., that he may incur, or be called upon to pay, in looking after and taking care of the following described pieces of property, he will convey by good and sufficient warranty deed, as against his own acts, to the said party of the second part, all the lands described in deed from Theodore G. Mills to Hiram P. Mills, under date of February 2d, 1860, and recorded February 6th, 1860, in Union Co. records, state of Ohio, vol. 23, pages 6 and 7, excepting from above lands contracted, or deeded to other parties by me since above was deeded to me; also another certain piece or parcel of land situate in the state of Illinois, county of Cook, and described in deed from T. G. Mills to Hiram P. Mills, under date of July 25th, 1860, recorded July 28th, 1860, in the County records of said Cook county, vol. 201 of deeds, page 128 ; also another piece or parcel of land situated in Cuyahoga county, state of Ohio, deeded by Richard G. Huston and others, by Master Commissioner, to Hiram P. Mills on 20th day of May, 1861, and recorded November 20th, 1861, in Cuyahoga county records, vol. 112, pages 415 and 16 ; also all the interest I have or may have in a certain mortgage executed by J. C. Evans to Theodore G. Mills, under date of        and recorded in        . Said mortgage was assigned by Theodore G. Mills to Hiram P. Mills, and was given to secure the payment of several promissory notes to said T. G. Mills made by J. C. Evans.    The property described in said mortgage is situated in Delaware, Ohio, reserving all claims or interest that Theodora J. E. Mills (daughter of T. G. Mills), for which I am acting as guardian, may have, or has in all the above described pieces, or parcels of lands referred to in this contract.

" HIRAM P. MILLS."

That Theodore G. Mills became insane in November, 1867, and continued in that condition, incompetent to do any business, until his death ; that, in addition to the indebtedness

mentioned in the contract, Theodore G. became further
indebted to the defendant for divers sums of money loaned
and advanced to him and paid, laid out and expended for him
and about the property so held by the defendant; and that the
defendant received, on account of the mortgage and the lands
so held by him, certain large sums of money; that the lands
were all sold and conveyed in the lifetime of Theodore G.,
and all the proceeds thereof were received by the defendant,
from time to time after his death, except the sum of $1,137.50
which he received December 30, 1872; that, after crediting
the defendant with all his just claims on account of moneys
advanced and laid out and expended, there was due from him
on account of the moneys received by him on the sale of the
lands and upon the mortgage the sum of $5,137.50 and interest,
amounting in all to $6,717.27 for which sum he ordered
judgment.

*E. A. Nash* for appellant. No demand was necessary, and
the action should have been brought within six years from the
receipt of the money by the defendant. (*Stacy* v. *Graham*,
14 N. Y. 492; *Howard* v. *France*, 43 id. 593; *Carr* v.
*Thompson*, 87 id. 160; *Matter of Cole*, 34 Hun, 320; *Compton*,
v. *Elliott*, 16 J. & S. 211.) The right of recovery is barred,
although the action is equitable in form for an accounting.
(*Carr* v. *Thompson*, 87 N. Y. 160; *In re Neilley*, 95 id. 382;
*Borst* v. *Corey*, 15 id. 505.) Whenever one person has in his
hands money equitably belonging to another, that other person
may recover it by *assumpsit* for money had and received.
(*Gaines* v. *Miller*, 111 U. S. 395.) The trusts intended by
the courts of equity not to be reached or effected by the
statute of limitations, are those technical and continuing
trusts which are not at all cognizable at law. (111 N. Y. 331.)
The time in which to commence the action could not be
extended more than five years by the disability of Theodore
G. Mills. (Code of Civil Pro. § 396.) The death of Theo-
dore G. Mills could not extend the time more than one year
thereafter. (Code, § 402.)

*James Wood* for respondent. The funds in the defendant's hands so far retain the elements of real estate as to save the equitable rights of the parties, and no farther. (*Durham* v. *Cornell*, 67 N. Y. 556, 560.) The action contains all the elements of an action to redeem real estate from a mortgage, and, for the purpose of arriving at the statute of limitations which applies, it may be fairly called an action of that kind. (*Miner* v. *Beekman*, 50 N. Y. 337.) The deed from Theodore to the defendant was a mortgage. (*Bond* v. *Collins*, 18 Week. Dig. 90; *Bennett* v. *Austin*, 81 N. Y. 308–322; *Clark* v. *Henry*, 2 Cow, 324; *Horn* v. *Keteltas*, 46 N. Y. 611.) This class of actions is exclusively of equity cognizance, and the statute does not commence to run until the mortgagee denies the right and title of the mortgagor. (*Miner* v. *Beekman*, 50 N. Y. 337, 343; *Lammer* v. *Stoddard*, 103 id. 673; *Purdey* v. *Sistari*, 2 Hun, 126; *Reitz* v. *Reitz*, 80 N. Y. 538; *Hubbell* v. *Sibley*, 50 id. 468; *Bailey* v. *Drew*, 17 N. Y. S. Rep. 185; *Roberts* v. *Berdell*, 52 N. Y. 644; 18 Abb. N. C. 183.) The six years statute of limitations does not apply. (*Carr* v. *Thompson*, 16 J. & S. 87 N. Y. 160; *Rundel* v. *Allison*, 34 id. 180; *Borst* v. *Corey*, 15 id. 505.) The defendant made himself executor *de son tort* of his brother's estate. (Perry on Trusts, § 245; *Williams' Executors*, m. p. 257; *Campbell* v. *Tousey*, 7 Cow. 64; *Bennett* v. *Austin*, 81 N. Y. 322; *Bacon* v. *Parker*, 12 Conn. 212; *Mitchel* v. *Lunt*, 4 Mass. 658; *Harkins* v. *Haulis*, 108 id. 379.

EARL, J. The sole question for our determination is whether the plaintiff's cause of action was barred by the statute of limitations, and we are of opinion that it clearly was. The absolute title to the lands was vested in the defendant, evidently with the intention that he might sell them and reimburse himself and pay over any surplus to his brother. Long before his brother's death, he had sold all the lands, and received more than sufficient for his reimbursement. After the sale of the lands, he ceased to be mortgagee. He

must be deemed to have sold the lands for the satisfaction of his mortgage, and it was satisfied. So far as he received the proceeds of the sales they were applicable, and must be deemed to have been applied for his reimbursement. After he had been fully reimbursed, the proceeds of the lands which came to his hands were received by him to and for the use of his brother, and it was his duty at once to pay over such surplus proceeds to his brother, and upon his failure so to do, he was liable without any demand to suit for their recovery.

The six years statute of limitations is applicable to such a case. (Code, § 382.) When money is received by one to and for the use of another, under such circumstances that it is his duty at once to pay it over, then an action for money had and received may be brought to recover it without any demand; and in such a case the statute of limitations begins to run from the day of the receipt of the money. (*Stacy* v. *Graham*, 14 N. Y. 492; *Matter of Cole*, 34 Hun 320; *Compton* v. *Elliot*, 16 J. & S. 211; *Diefenthaler* v. *Mayor, etc.*, 111 N. Y. 331.)

The defendant must always have known the amount of his loans and advances to his brother, and it was his duty to keep an account of his expenditures on account of the property transferred to him and hence he could tell when he had been fully reimbursed and the time came when he received moneys to and for the use of his brother under the obligation to make payment of them to him. Even if an accounting was necessary to determine the amount due from him to his brother, the account could be taken in an action at law as well as in an action in equity; and in whatever form the action was commenced the legal rule of limitations would be applicable. (*Rundle* v. *Allison*, 34 N. Y. 180: *Carr* v. *Thompson*, 87 id. 160; *In the Matter of the Accounting of Neilley*, 95 id. 382.)

All the relief asked for in the complaint is an accounting and a judgment for a sum of money, and no other relief was needed or possible upon the facts established. This was in no sense an action to redeem, as there was no mortgage and nothing to redeem. (*Morris* v. *Budlong*, 78 N. Y. 543.) When the lands were sold, the mortgage being satisfied, the

lien thereof did not attach to the moneys, but the defendant became a debtor for the surplus. He cannot, therefore, be treated as a mortgagee in possession, and the cases of *Miner* v. *Beekman* (50 N. Y. 337) and *Hubbell* v. *Moulson* (53 id. 225) are not applicable.

It is said, however, that the defendant was in some sense a trustee of the moneys received by him, and hence that the statute of limitations could not begin to run in his favor until he repudiated the trust. But the defendant was not a trustee in the sense contended for. He had received money belonging to another and became a debtor for the same, and he is in no other sense a trustee than every one is who receives money to and for the use of another. There was no actual express trust as to these moneys created by the act of the parties. It is certainly not true that every mortgagee is a trustee of an express trust, and the relation of trustee and beneficiary does not exist between mortgagor and mortgagee. If the defendant was in any sense a trustee of the moneys received by him, it was simply an implied trust which the law would raise for the purposes of justice ; and as to the liability growing out of such a trust the ordinary rules of limitations apply. (*Kane* v. *Bloodgood*, 7 Johns. Ch. 90 ; *Lammer* v. *Stoddard*, 103 N. Y. 672.)

Section 410 of the Code has no application to this case, because if we are right in what has already been said, no demand was necessary to entitle the plaintiff to maintain this action.

The novel claim is made on behalf of the plaintiff that the defendant may be held as executor *de son tort* of his brother's estate, and hence that the statute of limitations must be applied as if he were rightfully and actually executor with his brother's estate in his hands. The obvious answer to this claim is two-fold. (1.) No such theory of liability is mentioned in the complaint, and no mention was made of it upon the trial or in the findings of the referee. (2.) An executor *de son tort* is one who intermeddles with the estate of a decedent after his death, and does wrongfully such acts as a

rightful executor might do. (Williams on Executors, 248.) Here there was no wrongful interference by the defendant with the estate of his brother after his death. All the estate which he had or which came into his hands came to him rightfully, and he simply became a debtor bound to account. He can no more be treated as an executor *de son tort* than any person who in the lifetime of a decedent has become his debtor for money had and received to and for his use.

The plaintiff cannot hold him as an executor *de son tort* because he assumed to make a settlement with the only child of his brother, and at the same time repudiate that settlement as wholly unauthorized and null.

We, therefore, see no way to avoid the conclusion that the plaintiff's cause of action was barred by the statute of limitations, and the judgment should be reversed and a new trial granted, with costs to abide event.

All concur.

Judgment reversed.