ANNA R. HARLOW, Respondent, v. ABNER MILLS,
Appellant.

*An administrator who negotiates a sale of the real estate of his intestate, conveyed by the deed of the heirs, is liable for the money received by him therefor and deposited in a bank which fails.*

An administrator of an estate, who negotiates the sale of a farm which belonged to his intestate, and which is conveyed by a deed signed by the children of the intestate, the purchase-price of which is received by the administrator, and is deposited by him in a bank which subsequently fails, is liable for the money lost through the failure of the bank.

It is the duty of the administrator, in such a case, to at once pay over the money to the parties entitled thereto, and in receiving and depositing such money he does not act within the rule that a trustee or public officer, who deposits money in a bank of good standing, without negligence on his part, will not be liable if the bank fails.

APPEAL by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of Orange on the 1st day of April, 1890, in favor of the plaintiff after a trial before a referee, with notice of an intention to bring up for review the evidence given upon the trial of the action, the rulings of the court thereupon, his findings of fact and conclusions of law.

*T. A. Read*, for the appellant.

*William Vanamee*, for the respondent.

BARNARD, P. J. :

William D. Harlow died intestate in 1874, leaving four children. The plaintiff is one of them. He left a widow, who has since died. He left a farm of land which was sold in September, 1884, for $14,341.25. There was personal property sold to the amount of $1,670.75. The whole of the proceeds of the real and personal estate went into the hands of the defendant at the time. He managed the sale which was perfected by a deed signed by the children of the deceased. There was no arrangement between the plaintiff and defendant under which the defendant took the money for the farm.

He was a cousin of the plaintiff and took the moneys for the children. He was administrator of the estate. Partial payments were made to plaintiff at different times.

This action is brought to recover the balance due her from the proceeds of her father's property. The personal estate was settled before the surrogate in 1880. The defendant deposited the moneys he received in the Middletown National Bank, with the exception of a small sum represented by a note given for a part of the personal property. The bank failed, and some twenty per cent of the money was lost by the defendant. The money had been in the bank about two months before the failure. When the defendant received the money it was his duty to pay it over at once, and for that purpose to seek his creditor. (*Mills* v. *Mills*, 115 N. Y., 80.)

The deposit of the money for two months was wholly without authority, and the defendant cannot throw the loss occasioned thereby upon the plaintiff, who did not assent to the same. There is nothing in the proof which will justify an inference that the plaintiff assented to defendant's custody of the money. He claimed to keep it as administrator, and the plaintiff was not informed that he could not keep it as administrator until quite recently, and some years after he was discharged as administrator of the personal estate. The case thus shows a detention of money without authority, and within the line of cases which hold defendant's obligation to require immediate payment over. A loss by the failure of the bank in such a case falls upon the debtor. There are cases which hold a trustee or public officer who deposited money in a bank of good standing, and without negligence on his part, will not be liable if the bank fails. (*People ex rel. Nash* v. *Faulkner, Exr.*, 107 N. Y., 477.)

The facts found do not bring this case under the principle governing the liability of trustees or public officers. The complaint is one upon contract. The words averring a wrongful holding and a wrongful conversion are not inconsistent with an averment of a contract, and such words may be disregarded upon the trial. (*Conaughty* v. *Nichols*, 42 N. Y., 83.)

Assuming a liability, there is no reason why the legal rate of interest should not be added. The case cited for a contrary rule, *King* v. *Talbot* (40 N. Y., 76), was as to the liability of a trustee and executor.

The defendant is liable, if at all, like any other debtor, and it is no defense to payment that a bank in which he deposited money failed. The judgment should be affirmed, with costs.

DYKMAN, J., concurred.

Judgment affirmed, with costs.