VAN BRUNT, P. J.
—The complaint in this action alleged that on the fourteenth of August 1878, the plaintiff was seised in fee of certain premises in the city of New York, of the value of $10,000 and upwards; that on said day she was intebted to one Owen Byrne in the sum of $2,875.16, with interest, and in the further sum of $150 paid by said Byrnes on account of the plaintiff, and also for further sums paid by the said Byrnes in discarge of certain assessments, water rates and taxes upon said premises; that upon said day the plaintiff, in pursuance of an arrangement with Byrne to secure the payment of the above indebtedness, executed and delivered to Byrne a deed of said premises, which was duly recorded; that the said deed was given as security as aforesaidr and for no other purpose, Byrnes simultaneously executing and delivering to the plaintiff an instrument in writing whereby, in consideration of the securing to him of the payment of said indebtedness, he covenanted and agreed to restore and reconvey the premises to the plaintiff, upon payment to him, within one year, of said indebtedness, with interest. This instrument was annexed to the complaint and made a part thereof. The complaint further alleged that Byrne entered into and took possession of the premises, and he and his representatives and assigns have ever since been in possession thereof, and received for *453 tlieir own use the rents and profits thereof; that, if Byrne or his representatives had made any conveyance o£ said premises, such conveyance was made without the knowledge or consent of the plaintiff; that Byrne died in January, 1889, his will was probated, and the defendant O’Oonor duly qualified as sole executor; that on the twenty-sixth of May, 1890, O'Conor rendered a final aacount of his proceedings as such executor, and was duly discharged; that said O’Conor was duly appointed, by said will, trustee of certain trusts therein created, and has continued to be, and now is, such trustee; that the rents and profits of the premises now amount to much more than the principal and interest due on said indebtness, and the taxes and assessments and all other sums chargeable to her; that the plaintiff has made a demand for an accounting, and that she be allowed to redeem said premises,'and that said premises be reconveyed upon payment by her of the sums due from her as aforesaid, but the defendants will not consent thereto. The complaint then demands judgment that an account be taken of the amount due from her, and that she be at liberty to redeem, etc.
The agreement annexed to the complaint was dated August 14, 1879, and recited that the plaintiff was the owner of the premises mentioned in the complaint, and that the indebtedness referred to in the complaint existed, and that proceedings were pending by Byrne to foreclose said mortgages. The agreement then provided that the. plaintiff should execute and deliver to Byrne a deed conveying the premises above mentioned, subject to said mortgages, taxes, water rates, and assessments which deed should contain full covenants of warranty, etc. And said Byrne thereupon agreed to discontinue said proceedings, and within a reasonable time, to pay said taxes, etc., and also certain other sums of money, together with the costs and expenses of the foreclosure proceedings, and that if, on or before the fourteenth of August, 1879, one year from the date of the instrument, the plaintiff should pay to Byrne the principal and interest due on said mortgages, and the amount paid for taxes, etc., and the moneys advanced, with interest thereon, and also the proper and necessary expenses of said Byrne, and the costs and expenses of the proceedings in foreclosure, said Byrne would reconvey said premises to plaintiff, free and clear from all-incumbrances by a bargain and sale deed. Byrne also covenanted that the plaintiff should be free from all personal liability by reason of said bonds, and no money judgment or judgment for deficiency should be claimed against her in any action that might be taken upon said bonds and mortgages, so long as she should not dispute the title of said Byrne to said mortgaged premises or the amounts due him on said mortgages. The agreement also contained this provision:
“It is understood and agreed that, as to the agreement by the party of the second part to reconvey said premises, time is of the essence thereof; and, further, that this instrument shall not be recorded by or on behalf of the party of the first part; and that, for a violation of this provision, this agreement, so far as the same provides for such reconveyance, shall thereupon become utterly null and void.”
*454 The defendants answered, admitting some of the allegations of complaint, and alleging that, on the thirteenth day of June, 1881, the premises were conveyed by said Byrne, and that neither he nor any of the defendants had any title thereto or possession thereof subsequent to said conveyance. The answer also pleads the six and ten years’statute of limitations. To the defense of the statute of limitations the plaintiff demurred. The court sustained the demurrer, apparently on the grounds that the twenty years’ statute applied; and from the order and interlocutory judgment thereon entered this appeal is taken.
The appeal from the order must be dismissed, as there is no provision in the Code for an appeal from an order sustaining or overruling a demurrer, but the appeal must be taken from the judgment. Ridgway v. Bacon, 68 Hun, 506; 52 St. Rep. 600.
Upon an examination of the instrument which forms the basis of the action, it is apparent that the deed in question was given as security for the money which was due and to become due to By rue from the plaintiff, and that it must be treated as a mortgage. It is further apparent that it was the intention of the parties that Byrne was to hold these premises for a year, in order to enable the plaintiff to redeem them. It is evidenced, by the clause in the agreement which make time of the essence of the contract, and the prosision which made the agreement, so far as it provided for conveyance, null and void in case the plaintiff recorded the instrument, that the understanding of the parties was that, upon the expiration of the year Byrne was to own the premises, and do as he pleased with" them. This view is further reinforced when we consider the provision that, upon the delivery of the deed, Byrne agreed to relieve the plaintiff from all personal liability by reason of the bonds, to secure which he held the mortgages upon the premises in question. This being the case, Byrne was to be treated as mortgagee in possession; but, after he sold the premises, he ceased to be a mortgagee in possession, and he must be deemed to have sold the same for the- satisfaction of the indebtedness for which he held the mortgages. This brings the action .precisely within the principle laid down in the case of Mills v. Mills, 115 N. Y. 80 ; 23 St. Rep. 604, where it is held that an action of this description must be treated as for an accounting, and a judgment for a sum of money; no other relief being possible upon the facts established.
This action, although an action to redeem, if Byrne has sold, cannot be maintained, as such, unless it is shown that the person to whom the conveyance was made had knowledge of the facts of the limitations upon Byrne’s title. If the purchaser had. no such notice, there was no mortgage remaining, and nothing to redeem. In the case cited it was held that, when the lands were sold, the mortgage being satisfied, the lien thereof did not attach to the moneys, but the defendant became a debtor for the surplus, and that, under such circumstances, he could not be treated as a mortgagee in possession; and it was held that the statute of limitations would run.
*455 In the case at bar the complaint alleges but one cause of action, but demands alternative relief, dependent upon the facts which should be developed upon the trial under the allegations of the complaint. One class of relief looked to redemption. The other asked that, in case Byrne or his representatives had conveyed the premises to a bona fide purchaser for value, or if, for any cause, a reconveyance could not be had, due compensation for the value of the premises should be-made to the plaintiff by the defendants and each of them, in proportion to the share of assets of said Byrne received by them, and up to the amount of the same, whether said shares were given' to them in trust or otherwise.
The defendant, for a separate defense to the cause or action set up in the complaint, pleaded the six and ten years’ statutes of limitations. Under the principles laid down in the case of Mills v. Mills, supra, the statutes pleaded may be a defense to a claim for compensation in case there has been a conveyance. Consequently, demurrer will not lie.
We think, therefore, that the court erred in sustaining the demurrer, and that the appeal from the order' sustaing the demurrer should be dismissed, and the interlocutory judgment reversed, with costs of appeal and costs of the demurrer in the court below to the appellant.
All concur.