(19 Misc. Rep. 328.)

### YETTER v. WESTFIELD et al.

(Supreme Court, Special Term, New York County. January, 1897.)

1. LIMITATION OF ACTIONS—PLEADING—DEMURRER.

A demurrer to a defense of the six-years statute of limitations will not be sustained on the ground that the action is in equity, and on a sealed instrument, where the complaint is for an accounting for royalties under a sealed contract, and the answer denies the contract and the sales for which royalties are claimed, since the proof may authorize only a recovery at law of royalties under a simple contract, to which the six-years statute would be applicable.

2. SAME—EQUITABLE ACTION.

Such a demurrer should not be sustained, even if the plaintiff's recovery is limited by the complaint to an accounting, where the contract sued on does not provide for an accounting, since the indebtedness determined by the accounting may be found to have arisen at law, and the six-years statute is not avoided by the mere form of the action.

Action by Andrew B. Yetter against Eugene T. Westfield and others. Plaintiff demurs to a defense of the statute of limitations. Overruled.

Wilder & Anderson (Fred. E. Anderson, of counsel), for plaintiff.
Wilson & Wallis, for defendants.

RUSSELL, J. The plaintiff demurs to the defense of the six-years statute of limitations interposed by the answer. The complaint is for an accounting for royalties, at a certain price, upon the sale of street sprinklers, made by the plaintiff and another with the testator of the defendants, who died in 1888. The agreement set forth in the complaint was made in the year 1880, and renewed in 1884. It is under seal, and assigns a certain interest in letters patent belonging to the plaintiff and his assignor; and in it the testator covenants to pay the royalties for the sale of sprinklers, whether manufactured under the plaintiff's patent or letters patent belonging to the testator, such payment to be made within 10 days if the purchase price of the sprinkler was collected by that time, and, if not, within 100 days of the sale. The complaint avers ignorance as to the extent of the sales made by the deceased, but alleges that sales were made and continued by the executors after the death of the testator, and asks for an accounting without prayer for a specific judgment for money. The answer denies the making of the agreement and the sales, and also pleads affirmatively the six-years statute of limitations. Upon the demurrer to that branch of the answer the plaintiff's counsel argues that the six-years statute does not apply, and that the case is governed either by the 10-years statute for equitable actions, or by the 20-years statute for actions upon a sealed instrument. The question does not arise upon the demurrer with the same force as it would upon the trial. The existence of the sealed instrument is not admitted by the answer, nor is the fact of the sales. The answer must, therefore, be considered as a whole, and, if, in any event, the six-years statute of limitations might possibly apply, it would be unjustifiable to eliminate it from the record now, for by the provisions of the Code of Procedure that defense has to be affirmatively set forth in the answer, to be of

use on the trial. If, therefore, under the scope of the pleadings, the trial should establish a prima facie cause of action for sprinklers sold by the testator, creating simply an ordinary contract obligation to pay therefor to the plaintiff, the defendants should not be debarred from meeting that cause of action by the limitations the law places upon the time when the action should have been brought. The proof upon the trial, on the part of the plaintiff, might tend to show the existence of the agreement without the sale, or admissions by the testator of an indebtedness arising from the sale of the sprinklers. Therefore, as it is not conceded upon the record that a sealed instrument was made between the parties, and the scope of the complaint may be held sufficient by the trial court to justify a recovery for royalties upon a simple contract indebtedness arising from the proof thus given of the dealings of the parties in relation to the subject of the controversy, it will not answer to strike from the record the plea of the statute of limitations. If, however, the trial court should hold with strictness that the plaintiff was limited in his right to recovery by his ability in convincing the court of his right to an accounting, the question would arise as to whether this action is upon a sealed instrument, or is merely an appeal to the equity jurisdiction of the court for relief, irrespective of the character of the instrument, whether it was sealed or not; the claim being that the aim of the action is to procure an accounting, with the incidental judgment flowing from the result of an accounting, the instrument itself being evidence simply of the promise which creates the right, and not regarded simply as the covenant conferring the common-law right of action upon a sealed obligation enforceable within 20 years from the time of payment provided by its terms. In that view the question arises as to the power of plaintiff, by proceeding in equity, to preserve from the force of the six-years period the claim upon a money demand by appealing to the equity side of the court, instead of bringing an action to recover upon a common-law demand. It is plain that within a short period after each sale the plaintiff would have had the right of action to recover for the sprinklers sold the share going to himself, and thus his common-law right was at least concurrent with any equitable right of action. It is not now necessary to resort to equity ordinarily in such actions by reason of the remedies given by courts of law giving the examination of adverse parties, the production of deposits, of books and papers, or the sending of a long account to a referee. Marvin v. Brooks, 94 N. Y. 80. Ordinarily, therefore, the resort to an equitable jurisdiction does not give the right to suspend legal remedies 10 years where the cause of action may be enforced by suit brought on the law side of the court. Mills v. Mills, 115 N. Y. 80, 21 N. E. 714; Loder v. Hatfield, 71 N. Y. 92; Rundle v. Allison, 34 N. Y. 180. Where a contract does not give the absolute right to a specific performance, though under seal, the exercise of equity jurisdiction is of discretion, and not a matter of right. Peters v. Delaplaine, 49 N. Y. 362. If the action is, therefore, solely for an accounting, the right to an accounting not being sued upon as upon an express covenant to make such accounting, the maintenance of the action depends upon the exercise of the discretion of a court on its equity side, and

is not necessarily an action upon a sealed instrument. Even if equity should entertain jurisdiction of the suit for an accounting as brought within 10 years of the time of some of the sales, the question would still arise upon the judgment to be finally rendered as to how many of the sales should be paid for; and, if the action were then held to be not upon the sealed instrument, but upon the obligation arising from the evidence afforded by the accounting of a sum of money to be paid as of right by the defendants to the plaintiff, the defendants might justly complain of the absence of that plea; stricken from the record by order of the court. The counsel for the plaintiff seems to rely solely on the case of Bommer v. Manufacturing Co., 44 N. Y. Super. Ct. 454, affirmed 81 N. Y. 468. But an examination of · that case discloses that no point was made of the statute of limitations as a defense, and therefore the judgment was finally affirmed upon the merits of the claim.

The question as to whether the 20-years statute should apply is an interesting one. If the action is not held to be upon a covenant to pay, and a common-law demand arising upon that covenant, it is not an action brought upon a sealed instrument. In Borst v. Corey, 15 N. Y. 505, an action was brought to enforce the equitable lien for the purchase money of land conveyed by deed. It was held by the court of appeals that the six-years statute applied, although the deed was under seal. That case maintains also the rule that the vendor cannot avoid the six-years statute by an action in equity to enforce the equitable lien, and also necessarily held that the action was not upon a sealed instrument, for the implied promise to pay the consideration would be equally a covenant under seal, as though the promise were contained in the body of the deed; and the absence of the signature of the purchaser would not alter its effect. 1 Chitty, Pl. 115, 116. The case of Borst v. Corey was decided under the provisions of the Revised Statutes then in force. 2 Rev. St. p. 295, § 18, declared that all actions of debt founded upon contract obligation or liability not under seal should be brought within six years. In the case of Dwinelle v. Edey, 102 N. Y. 423, 7 N. E. 422, the court of appeals held that an action upon a co-partnership agreement under seal, by which the expenses should be borne by the parties in equal proportions, where the partnership had expired, and the business had resulted in large losses, paid by the plaintiff, and an accounting and payment of one-half of such sum was demanded, was an action founded upon a sealed instrument, and the 20-years statute applied. In Wood v. Baker, 60 Hun, 337, 14 N. Y. Supp. 821, the general term of the Fifth department held that a right to redeem might be enforced within 20 years upon an action to declare a deed to be simply a mortgage as security for an obligation. It may be noticed, however, that in the partnership action the remedies lay entirely under and by virtue of the mutual covenants of the agreement constituting the partnership, and no common-law action would lie for the recovery of one-half of the losses until the procedure in equity founded upon the covenants which created the equitable obligation. In the redemption action referred to, the deed was really a mortgage; and as the mortgage, being a sealed instrument, could be enforced at any time within 20 years, the concurrent

remedies of the mortgagor would be equally lasting.   As in the case of a deed, the seal is essential only for the purpose of evidencing the assignment of the interest, and is not essential to the promise to pay.   Such a promise is not like a bond obligation, which is an instrument resorted to for the express purpose of affording a more lasting permanence to the obligation created.

It is, however, not necessary to decide the general question as to whether the plaintiff has a right, in the proper form of suit, to recover in an action brought within 20 years the amount of the royalties unpaid.   It is only necessary to consider whether, under the form of the action brought, the defendants, upon the issues presented by their denial and plea, have a right to say that any obligation disclosed by the proof upon the trial, not accruing within the 6 years and 18 months prior to the beginning of the action, is barred by the statute of limitations.   As it is evident that the plaintiff may possibly recover for unpaid royalties without necessarily having to prove a contract under seal, and as the bringing of the action on the equity side of the court may, upon the proof, justify him in claiming a recovery only for royalties accruing seven years and a half prior to the commencement of the action, the defendants should have the privilege of retaining their plea of the statute of limitations, and the demurrer is therefore overruled, with costs.

Demurrer overruled, with costs.