JESSIE ROEDIGER, as Administratrix, etc., of LOUISA ROEDIGER, Deceased, Respondent, *v.* NELLIE KRAFT, as Executrix, and EMIL HASENBALG, as Executor, etc., of TRAUGOTT F. M. ROEDIGER, Deceased, Appellants.

First Department, July 9, 1915.

**Limitation of action — action to recover moneys paid by trustee without authority.**

Where a daughter at the time of her death was entitled to a vested remainder in her father's estate, subject to the life estate of her mother, and after her mother's death the executor and trustee under the will of her father undertook to distribute the estate and without authority paid

to the daughter's husband her share, and he by receipt of said sum and solely by operation of law became a trustee *de son tort* and the moneys were not received by him upon any express trust or promise or agreement to carry out the terms of the trust contained in the will of the daughter's father or under any agreement to perform the duties of the trustee, the six years' Statute of Limitations began to run from the time of the receipt of the moneys, and is a bar to an action by the daughter's administratrix to recover her share of the estate commenced long after the statute had run. It is immaterial that the form of relief demanded in the complaint was for an accounting, and that the husband received the moneys with notice of the trust.

INGRAHAM, P. J., and SCOTT, J., dissented in part, with opinion.

APPEAL by the defendants, Nellie Kraft and another, as executors, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 2d day of February, 1915, upon the decision of the court after a trial at the New York Special Term.

The judgment was for $12,279.18.

*William W. Pellet*, for the appellants.

*Gustav Lange, Jr.*, for the respondent.

HOTCHKISS, J.:

The complaint alleges that one Julius Miller, as executor and trustee under the last will of Jacob Miller, deceased, paid to Traugott F. M. Roediger, defendanst' testator, "for safe keeping and on deposit for the benefit of the plaintiff as administratrix," etc., various sums of money which the said Traugott had not repaid. In form the relief demanded was an accounting and judgment for the amount so found due. The complaint contains no allegation of fraud. The facts found by the learned court below were as follows:

Louisa Roediger, plaintiff's intestate, was the daughter of Jacob Miller, deceased, and at the time of her death was entitled to a vested one-sixth remainder in his estate subject to the life estate of her mother, the wife of Jacob, who survived the intestate, Louisa. After the death of Louisa's mother, the widow of Jacob, Julius Miller, the executor and trustee under the will of Jacob, undertook to distribute the estate, and to that end, without authority, paid to Traugott F. M.

First Department, July, 1915.                    [Vol. 169.

Roediger, the husband of Louisa, the amount due on account of Louisa's said interest. The dates and the amounts of the payments so made were: November 27, 1901, $1,160; January 17, 1902, $1,831.31, and February 18, 1902, $3,801.65. At the time these moneys were received by defendants' testator he knew that they represented his wife's interest in the estate of her father, and that his wife had died intestate, leaving no valid last will and testament, but leaving her surviving her said husband, Traugott, and six children. The court also found that on the receipt of said moneys Traugott F. M. Roediger by operation of law became a trustee of and liable to pay over said moneys to the plaintiff, and that the claim of the plaintiff was not barred by the six years' Statute of Limitations. The plaintiff offered testimony to the effect that at the time these payments were made to Traugott he told Julius it was his intention to dispose of the same according to the "wishes" of his said wife, and as proof of such "wishes" plaintiff offered in evidence a writing in the form of a last will and testament signed by the plaintiff's intestate, but which writing was insufficient as a last will, for which reason probate thereof had been denied. Such testimony was insufficient, however, to support a finding that said moneys were received by Traugott upon any express trust whatsoever, much less upon any promise or agreement to carry out the terms of the trust contained in the will of Jacob, or that Traugott assumed to succeed Julius as trustee under such will and to perform Julius' duties thereunder. On the contrary, as above stated, the court found that by receipt of said moneys and solely by operation of law Traugott became " a trustee *de son tort.*" Under these circumstances the case is governed by the principles applied in *Mills* v. *Mills* (115 N. Y. 80), *Lammer* v. *Stoddard* (103 id. 672), and *Price* v. *Mulford* (107 id. 303). In *Lammer* v. *Stoddard* the court said (p. 673): "It is undoubtedly generally true that as against a trustee of an actual, express subsisting trust, the statute does not begin to run against the beneficiary until the trustee has openly, to the knowledge of the beneficiary, renounced, disclaimed or repudiated the trust. But Edward Lammer was not the actual trustee of this fund, and he never acknowledged a

trust as to the money loaned him. He could, at most, have been declared a trustee *ex maleficio* or by implication or construction of law, and in such a case the statute begins to run from the time the wrong was committed by which the party became chargeable as trustee by implication." The fact that Traugott received the moneys with notice of the trust attaching to the same in the hands of Julius Miller, is, in an action of this character, immaterial (*Price* v. *Mulford, supra*), and it is likewise immaterial that the form of relief demanded in the complaint was for an accounting. (*Mills* v. *Mills, supra,* 85.) The six years' Statute of Limitations having been duly pleaded by the defendant and this action having been commenced long after the statute had run, it follows that the judgment should be reversed, with costs, and the complaint dismissed, with costs.

CLARKE and DOWLING, JJ., concurred.

INGRAHAM, P. J.:

Jacob Miller died in the year 1874, leaving real and personal property and a will dated the 11th of April, 1864, which was duly admitted to probate. After a bequest to his wife of his household furniture and other articles of personal property, he devised and bequeathed to his executors all the rest, residue and remainder of his estate in trust to receive the income and profits therefrom and to pay the same to his wife during her life or so long as she should remain his widow, and after the decease of his said wife or her remarriage he gave, devised and bequeathed all his estate, both real and personal, to his six children, of whom the plaintiff's intestate was one, to have and to hold the same to them, their heirs and assigns forever, share and share alike. Then, after giving his executors a power of sale of his real estate the will directed that after the death of his wife or on her remarriage the executors be authorized and empowered to divide his real and personal estate into six equal parts and to convey to each of his six children *or their heirs* one of said parts. It also authorized his executor, Julius Miller, to sell and dispose of the said real and personal estate and divide the proceeds among his six children share and share alike.

During the life of the widow his daughter Louisa, the plain-

tiff's intestate, died, leaving an instrument in the nature of a last will and testament, which, however, was not admitted to probate. Plaintiff's intestate was the wife of the defendants' testator, Traugott F. M. Roediger. During his lifetime no administration was taken out on his wife's estate. After the death of the testator's widow his executor sold his real estate and received the proceeds and also the personal property and attempted to divide it among the testator's children. The share coming to plaintiff's intestate, however, was paid over to the defendants' testator, who received it with knowledge that it was part of the trust estate and apparently appropriated it to his own use, stating, when he received it, that he would carry out this instrument that his wife had executed but which was not admitted to probate. Nothing seems to have been done about the estate of Louisa, one of the children of the testator, until after Dr. Roediger's death, when the plaintiff applied for and obtained letters of administration upon her mother's estate and then as such administratrix brought this action to recover the amount of money that was paid to her father, the husband of Louisa Miller, as property of her mother to which she was entitled, and has recovered judgment for the amount paid to the defendants' testator. Under the will of Jacob Miller I think the remainder vested of one-sixth of his real and personal property in each of his six children, Louisa, plaintiff's intestate, being entitled to one-sixth of the remainder of his estate after the death of the testator's widow. Under the will, however, the surviving executor was authorized to sell all the real and personal property. Acting under this power the testator sold the real estate that he had held in trust during the life of the testator's widow and received the proceeds. The will then directed him to divide both the personalty and the proceeds of the realty into six equal parts and convey to each of the said children or their heirs one of said six parts. By the exercise of this power of sale it seems to me that the estate of Louisa was divested of the property, and, Louisa having died before the testator's widow and before the conversion of the property into money, her heirs were entitled to the sixth part of her estate. It was evidently the intention of the testator by the use of the words " to each of my said children or

their heirs," that in case either of his children died before his wife the share of the child so dying should be paid to such child's heirs and not to the estate of the child so dying. And thus, on the death of the testator's wife, each of the heirs of Louisa, the deceased child, was entitled to a proportionate part of the sixth which was to be paid to Louisa if she had outlived the widow. I, therefore, concur in reversing this judgment and dismissing the complaint.

I do not agree with my brother HOTCHKISS that the Statute of Limitations was a bar. The property was held in trust by the executor of the testator and was impressed with a trust in favor of these heirs. Louisa's husband had no interest in the property, and the act of the trustee in paying it to him did not release the property from the trust, but the defendants' testator held the property impressed with the trust in favor of his children, who were the heirs of Louisa. It seems to me clear that the executor of Jacob Miller's estate could be held to account to the heirs of Louisa for their share of the trust fund. The trustee paid to the defendants' testator these various sums of money in November, 1901, and January and February, 1902. This action was commenced in July, 1913. In *Putnam* v. *Lincoln Safe Deposit Company* (191 N. Y. 166) it was said in the opinion, and what was said there I think applies to this case: " Upon her death, the action became one for the recovery of trust properties, or their proceeds, which were in her possession, by those persons to whom Shoemaker's will had given the trust estate in that event. They had no right to its possession until that event occurred. Nor does it appear that they had any knowledge of the acts of Mrs. Putnam, in connection with the trust estate, before the commencement of this action. Time could not run against them, until they could be charged with actual knowledge of the facts upon which their right depended. * * * But, in the next place, it is clear that Mrs. Putnam had assumed such an attitude towards the remaindermen, with regard to the trust estate, as to make the plea of the statute unavailable to the representatives of her estate. She never acted in hostility to the trust; but, to the contrary, had acknowledged its existence and validity. * * * She had so intermeddled with the possession, management and

disposition of the trust estate as to come under a like liability with the trustee, with respect to what she had taken into her own possession. Not having acted in hostility to, or in fraud of, the trust, she may be said to have constituted herself by her acts a trustee *de son tort* of the trust properties. * * * That is to say, there had been such a voluntary assumption of responsibilities by her with respect to the trust estate, or to a part thereof, as to estop her, and the representatives of her estate, from denying an equal and continuous accountability with the trustee, when called upon by those entitled to assert claims to the estate." (See, also, *First National Bank* v. *National Broadway Bank*, 156 N. Y. 459.)

I think also that either one of the beneficiaries of this one-sixth interest in the trust fund could compel the defendants' testator to account for the trust property that he had received with notice of the trust, but I think the action had to be commenced either by the executor of Jacob Miller or by one of the heirs of his daughter Louisa, and that the representative of Louisa's estate had no interest in the share which was set apart for her benefit and to which she would have been entitled had she survived the testator. I concur, therefore, in the reversal of this judgment and the dismissal of the complaint.

Scott, J., concurred.

Judgment reversed, with costs, and complaint dismissed, with costs. Order to be settled on notice.