(173 App. Div. 759)

### LEFLER v. OELRICHS et al.

(Supreme Court, Appellate Division, First Department. July 10, 1916.)

1. LIMITATION OF ACTIONS ☞72(1)—COMPUTATION—ACTION FOR FRAUD—INFANCY OF PLAINTIFF.
    The statute of limitations commences to run against an action to set aside for fraud settlements made during plaintiff's infancy at the time plaintiff becomes of age, where he has full knowledge of the settlement.
    [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 390, 393, 394; Dec. Dig. ☞72(1).]

2. LIMITATION OF ACTIONS ☞72(1)—COMPUTATION OF PERIOD—FRAUD—INFANCY OF PLAINTIFF.
    Where plaintiff, upon becoming of age, was not paid his share of money in settlement of litigation, his right to repudiate the settlement accrued when he became of age, and the statute of limitations began to run at that time.
    [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 390, 393, 394; Dec. Dig. ☞72(1).]

3. INFANTS ☞58(2)—SETTLEMENT OF LITIGATION—REPUDIATION—REPAYMENT OF MONEY RECEIVED.
    Where plaintiff, upon becoming of age, was paid his share of money in settlement of litigation, he must, in order to maintain an action to set aside the settlement for fraud, repudiate the settlement and repay the money received.
    [Ed. Note.—For other cases, see Infants, Cent. Dig. § 157; Dec. Dig. ☞58(2).]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. CANCELLATION OF INSTRUMENTS ⬥⟹14—GROUNDS OF RELIEF—ADEQUATE
     REMEDY AT LAW.
        An equitable action to set aside settlement for fraud and decree plain-
     tiff to be the owner of an interest in real estate cannot be maintained,
     since plaintiff has an adequate remedy at law to determine his interest in
     such real estate.
        [Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig.
     §§ 16, 17; Dec. Dig. ⬥⟹14.]

Appeal from Special Term, New York County.

Action by George Elmer Lefler against Theresa Alice Oelrichs, Vir-
ginia Vanderbilt, and others. From an order denying a motion for
judgment on the pleadings, and from an order denying a motion for
judgment on the reply as frivolous, and to strike out the same, the
named defendants appeal. Reversed, and motions granted.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT,
DOWLING, and DAVIS, JJ.

John M. Bowers, of New York City, for appellants.
Philip Carpenter, of New York City, for respondent.

McLAUGHLIN, J. The appellants appeal from two orders, one
denying their motion for judgment on the pleadings, and the other
denying their motion for judgment on the reply as frivolous and to
strike out the same. The action is brought to procure a judgment de-
creeing that the plaintiff is entitled to an undivided one forty-second
part of certain real estate in the city of New York, and also to a
one forty-second part of all the property, both real and personal, which
Charles L. Fair and Caroline D. Fair, his wife, owned at the time of
their respective deaths, and for an accounting. Mr. and Mrs. Fair were
killed in an automobile accident in France on the 14th of August, 1902.
As soon as knowledge of their deaths had been ascertained in this
country, defendants Harvey and Neal, who were, apparently, managing
their property in California, telegraphed to the mother of Mrs. Fair,
the grandmother of the plaintiff, Mrs. Nelson, who was at the time in
New Jersey, informing her of the deaths and asking her to at once
come to California. She immediately started, being accompanied by
her two sons, both of whom were over 21 years of age. A few days
after their arrival in San Francisco, and on August 27, 1902, Mrs.
Nelson and the two sons, in consideration of the payment of $125,000
to Mrs. Nelson, agreed to execute papers necessary to convey and
transfer their interest, if any, in the estate, both real and personal, of
both of the Fairs to the appellants, and within a few days thereafter
they did, in fact, execute and deliver the same. Shortly after the
payment was made to Mrs. Nelson, she and her two sons returned to
their home in New Jersey.

In February, 1903, Mrs. Nelson and all of her adult children and
grandchildren brought an action in the Supreme Court of the state of
New York to set aside these transfers, on the ground they were pro-
cured by fraud and misrepresentation. Answers were interposed by
the appellants, which, among other things, denied the allegations of
fraud and alleged the validity of the transfers. The issue thus raised

remained undetermined until about March 16, 1904, when an agreement between the parties was entered into which provided that, in consideration of the payment to Mrs. Nelson of $267,500, a judgment should be entered by consent, adjudging and decreeing that both Mr. and Mrs. Fair were, at the time of their deaths, residents of California; that Mr. Fair survived Mrs. Fair; that the complaint should be dismissed on the merits; and that Mrs. Nelson and her adult children and grandchildren should execute an agreement ratifying and confirming the settlement theretofore made in California. A referee was appointed in the action, and upon his report judgment was entered on the 11th of May, 1904, in pursuance of the agreement.

The plaintiff, at this time, was a few months under 21 years of age. He was not a party to the action, nor was he represented by guardian; but 2 days after the judgment was entered he applied to the Surrogate's Court of Union county, N. J., for the appointment of a guardian, and set up in his petition that he was possessed of property in that state of the value of $6,540, moneys due him as one of the heirs at law of Mrs. Fair. A guardian was appointed, and thereafter, upon the execution of the agreement by the plaintiffs in the action and the guardian for this plaintiff and three other infant grandchildren, the amount agreed upon was paid to Mrs. Nelson. The guardian was present at the time the payment was made, and Mrs. Nelson, out of the moneys received by her, paid to him $6,715.37, which included $1,503.19, the share or interest which this plaintiff had in a legacy under the will of Mrs. Fair. On the 23d of January, 1905, the plaintiff then having become 21 years of age, the guardian paid to him the amount received from Mrs. Nelson, less expenses, and he thereupon executed a general release and the guardian was discharged. Nothing further was done by the plaintiff until the 11th of March, 1913, when this action was brought for the purpose before stated.

The complaint alleges that the agreement made in California was fraudulent and void. The fraud stated consisted in representations made to the effect that Mr. Fair survived Mrs. Fair; that they were both residents of California at the time of their deaths, and under the statutes of that state all of the property of both of them belonged to the heirs at law and next of kin of Mr. Fair, whereas, in fact, Mrs. Fair survived Mr. Fair; that they were not residents of California, but of New York, and by reason of this fraud all of the property received by the appellants from the Fairs' estates was impressed with a trust for the benefit of this plaintiff, to the extent of one forty-second part thereof. The complaint also alleged that as to the fraud stated the plaintiff did not learn of it until February, 1913, less than one month before the action was commenced. There are no allegations in the complaint to the effect that the agreement made after the commencement of the New York action, and to which this plaintiff's guardian was a party, is fraudulent, nor is any reference made to it in the complaint.

The answer put in issue the allegations of fraud and set up affirmatively the execution of the California agreement, the bringing of the New York action, and the agreement settling the same by the payment of $267,500 to Mrs. Nelson, the entry of judgment, the approval

of the settlement by plaintiff's guardian, and the payment by him to the plaintiff in pursuance thereof. The answer also set up the 6 and 10 year statute of limitations.

To the affirmative defenses the plaintiff was compelled by an order of the court to reply. In the reply many of the affirmative allegations of the defenses are denied, but he admitted the appointment of the guardian, the amount paid by the guardian to him, which he alleged was a gift from Mrs. Nelson, his grandmother, except his interest in the legacy referred to, and alleged that the guardian was not authorized by law to join in the settlement in the New York action, that the plaintiffs in that action were induced to enter into the agreement and settlement by false and fraudulent representations made by the appellants that Mr. and Mrs. Fair were domiciled in California at the time of their deaths, and that Mr. Fair survived Mrs. Fair, as set forth in the complaint.

Upon the complaint, answer, and reply the appellants moved for judgment upon the pleadings. They also moved for judgment on the reply as frivolous, and to strike out the same as sham. Both motions were denied, and the appeal is from each order.

[1] It is quite difficult to determine, from pleadings as voluminous as these, whether there is an issue raised. It is true there are in the reply many denials of affirmative allegations in the answer; but they consist largely, if not entirely, of legal conclusions, which add nothing to the pleading, or matters of public record, of which the plaintiff had actual or presumptive knowledge, which may be stricken out as sham. The action is in equity. The plaintiff's claim is that in September, 1902, the appellants illegally secured possession of the entire estate of the Fairs and have ever since retained the same. He repudiates, and claims he is not bound by, the settlement made with his grandmother in California, or that made in New York, in which his guardian participated. He became of age on the 25th of December, 1904, and if the settlements were not binding upon him it is immaterial whether fraud were practiced by appellants in bringing about the same, since, as indicated, he was entitled to sue when he became of age. He then had full knowledge of the settlements, and the statute then commenced to run, and at the time of the commencement of the action was a bar to its maintenance. Mills v. Mills, 115 N. Y. 80, 21 N. E. 714; Hoyt v. Sprague, 103 U. S. 613, 26 L. Ed. 585.

[2, 3] Not only this, but the money which the plaintiff received through his guardian from his grandmother, either was or was not paid by her in fulfillment of her settlement agreement. He says it was not. If so, he had the right to repudiate the settlement when he became of age, and the statute of limitations in that case, likewise, prevents the maintenance of the action. If the payment were made in pursuance of and as a part of the settlement, he might, when he became of age, repudiate it; but before he could maintain an action he had to repay what he had received. This he has not done, and that, as well as the statute of limitations, prevents the maintenance of the action.

[4] As to the real estate, if the plaintiff has any interest therein, he

clearly has an adequate remedy at law. My conclusion is that the appellants were entitled to have their motion to strike out the reply as frivolous granted, and also to have their motion for judgment on the pleadings granted.

Each order appealed from, therefore, is reversed, with $10 costs and disbursements, and each motion granted, with $10 costs. All concur.

